IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ARCHIE M. JACKSON, | ) Civil Action No. 4:04-cv-22209-HFF-TER |
| Plaintiff, | ) |
| v. | ) |
| JO ANNE B. BARNHART COMMISSIONER OF SOCIAL SECURITY, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

This action has been brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security.[1] After the plaintiff filed his complaint on September 13, 2004, the defendant filed an answer and transcript on December 16, 2004.

The local rules of the District provide that a plaintiff's brief be filed within thirty (30) days of the defendant's answer. Local Rule 83.VII.04, D.S.C. Accordingly, the plaintiff's brief was due on or about January 18, 2005. No brief was filed, and on June 27, 2005, a letter was received by the court indicating that plaintiff's counsel was experiencing some health concerns and would be out of his office for approximately 90 days.

The undersigned is informed that court personnel contacted plaintiff's counsel's office regarding the filing of a request for an extension or a brief, and were informed that plaintiff's counsel

---

[1] This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

returned to work around August 1, 2005. [2] Counsel has not filed a brief and has not sought an extension to file the brief out of time. On November 8, 2005, the undersigned entered an Order giving the plaintiff five days to inform the Court if he planned to proceed with this case or it would be recommended the case be dismissed for failure to prosecute under Rule 41. (Document #7). As of this date, plaintiff has not filed his brief, has not filed a motion to file the brief out of time, and has not complied with the Order of this Court. To date, the plaintiff has not filed a brief and has presented no argument why the decision by the Commissioner is not supported by substantial evidence. Therefore, it appears that the plaintiff does not wish to continue to prosecute this action.

Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with other Rules and with a court order.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 18, 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] It is noted that counsel, Mr. John Bledsoe, has filed documents in several other cases in this Court since August 1, 2005.

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 USC § 636 and Fed. R. Civ P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n.3, 1992 U.S. Dist. LEXIS ® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S. Dist. LEXIS ® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S. App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating that 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S. App. LEXIS® 15,084 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S. App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina   29503**